FILED

JUL 07 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. C 15-1358 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| VINCENT ADAMS, Warden, | |
| Respondent. | |

    Petitioner, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the underlying federal petition, petitioner challenges a 2013 criminal judgment against him, and concedes that he has not raised any of the claims in the California Supreme Court. On May 8, 2015, the court issued an order denying petitioner's motion to proceed in forma pauperis, directing petitioner to pay the $5.00 filing fee within thirty days, and ordered petitioner to show cause within thirty days why the petition should not be dismissed for failure to exhaust state remedies. Petitioner has not filed a response.

    As the court previously advised petitioner, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal

Order of Dismissal
P:\PRO-SE\LHK\HC.15\Bennett358disexh.wpd

court. 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Petitioner's petition concedes that he has not presented any of the federal claims regarding petitioner's 2013 conviction to the California Supreme Court. Thus, it appears that petitioner has not fairly presented his claims in the underlying federal petition of habeas corpus to the highest state court. Accordingly, the court DISMISSES this action without prejudice for failure to exhaust.

In addition, petitioner's motion to proceed in forma pauperis was denied and petitioner was ordered to pay the $5.00 filing fee within thirty days or face dismissal. Because petitioner has failed to pay the filing fee within the time stated, the petition is DISMISSED without prejudice.

The Clerk shall terminate all pending motions and close the case.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

///

IT IS SO ORDERED.

DATED: 7/6/2015

LUCY H. KOH
United States District Judge